[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION FOR ORDER DATED JUNE 12, 2002
The court reviewed the appellate court decision of Bonhotel v.Bonhotel, 64 Conn. App. 561 (2001). On the issues before this court on remand the court finds the following:
1.) The court was to hear evidence on the issue of the costs of Benjamin's (youngest son) room and board in the defendant's home or wherever he may reside while he is enrolled at college. On this issue, the defendant failed to submit any evidence. The evidence presented proved that Benjamin is not presently in college, is not planning on attending college in the future, and had previously enrolled twice in college but had dropped out both times prior to completing a semester of college.
2.) The court was to hear evidence on the issue of the tuition and other expenses for James, the parties oldest son. On this issue the defendant failed to submit any evidence. The evidence presented proved that James is not presently in college, is not planning on attending college in the future, and had previously enrolled in Northwest Community College for one semester but dropped out prior to completion of the semester. In addition, the plaintiff did pay the tuition, books and other expenses associated with that enrollment for James.
3.) The court was to ascertain the parties intent at the time they entered into the separation agreement regarding the extent to which they reasonably expected to provide for their children's post majority education. The court concludes after hearing evidence from the parties on this issue that the parties reasonably expected that their children would attend college after completion of high school. College would be a four year program to obtain an undergraduate degree. However, not one of the three children completed high school, all having dropped out. The children have apparently obtained high school equivalency diplomas. The children who are presently 23, 22 and 20 years of age testified that they are not enrolled in college at this time, nor are they planning to attend CT Page 11035 in the future.
In view of this evidence, the court finds that it would be unreasonable to have the plaintiff be responsible for his three adult childrens' undergraduate college expenses in perpetuity. The court has been requested by the plaintiff to provide a "cut off" on the plaintiffs obligation. The court concludes that it would be reasonable, fair and equitable to hold the plaintiff responsible for undergraduate college tuition and expenses until each child reaches the age of twenty-three. That allows each child five years past age eighteen to decide on pursuing a college degree.
Based on the court's findings and conclusions, the defendant's Motion For Order is denied.
Agati, J. CT Page 11036